UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS KING, | ) | No. CV 16-9292-JFW (PLA) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| GREGORY TROTTEN, et al., | ) | |
| Defendants. | ) | |

On December 16, 2016, plaintiff filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff appears to name as defendants "District Attorney/Sheriff" Gregory Trotten (ECF No. 1 at 1), Simi Valley Police "Traffic Officer" Kevin Wilmontt (*id.* at 2), two officers with the Simi Valley Police Department (*id.* at 3), and District Attorney Elizabeth Main (*id.* at 4). Plaintiff seeks damages.

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

The Court's screening of the pleading under the foregoing statute is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. § 1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

After careful review of the Complaint under the foregoing standards, the Court finds that

plaintiff's allegations appear insufficient to state a claim against any named defendant. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 21, 2017, remedying the deficiencies discussed below. Further, plaintiff is admonished that if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice.[1]**

## DISCUSSION

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

1  the grounds upon which they rest.  See, e.g., Brazil v. United States Department of the Navy, 66
2  F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint
3  must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and
4  concisely set forth allegations sufficient to provide defendants with notice of which defendant is
5  being sued on which theory and what relief is being sought against them, the complaint fails to
6  comply with Rule 8.  See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel
7  v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  Moreover, failure to comply with
8  Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims
9  in a pleading are not found to be wholly without merit.  See McHenry, 84 F.3d at 1179; Nevijel, 651
10 F.2d at 673.

11  First, the first page of the Complaint names only Trotten as a defendant, and the pages of
12 the Complaint are not numbered consecutively.  Plaintiff is admonished that, irrespective of his
13 *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of
14 the United States District Court for the Central District of California.  See, e.g., Briones v. Riviera
15 Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following
16 court rules"); L.R. 1-3.  Pursuant to Fed. R. Civ. P. 10, the caption of a pleading must include all
17 defendants identified elsewhere in the body of the pleading.

18  Further, the Complaint fails to set forth any factual allegations supporting plaintiff's claims.
19 Plaintiff alleges in his "Claim 1" that defendant Trotten violated the "right to bear arms" and the
20 "right to a fair trial" (ECF No. 1 at 1), but plaintiff does not allege that Totten took any action,
21 participated in another's action, or failed to perform an action that he was required to do.  See
22 West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Karim-Panahi, 839 F.2d
23 at 624.  "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he
24 does an affirmative act, participates in another's affirmative acts, or omits to perform an act which
25 he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" Leer v.
26 Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
27 1978) (emphasis in original).

28  Similarly, plaintiff alleges in his "Claim 2" that Officer Wilmontt "performed an unreasonable

search and seizure" on July 30, 2016, and that he "tresspass[ed] on my person" (ECF No. 1 at 2), but plaintiff sets forth no factual allegations concerning the circumstances of the search or seizure nor alleges in what manner it was unconstitutional. To the extent plaintiff is purporting to allege that a traffic officer illegally stopped or searched him, pursuant to the Fourth Amendment, an officer may "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." See Illinois v. Wardlow, 528 U.S. 119, 123, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1967)). "[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 185, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004). "Reasonable suspicion" is a "less demanding standard than probable cause," but it requires that an officer "be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." See Wardlow, 528 U.S. at 123-24 (citing Terry, 392 U.S. at 27, n.2) (internal quotation marks omitted); see also Haynie v. County of L.A., 339 F.3d 1071, 1076 (9th Cir. 2003) ("An officer may conduct a carefully limited search for weapons to dispel a reasonable fear for his safety.") (internal quotation marks omitted).

      In his "Claim 3," plaintiff alleges that Officers Lares and Samples "performed an unreasonable search and seizure" on August 17, 2016, when they "trespassed on [his] property." (ECF no. 1 at 3). Plaintiff, however, fails to allege that each officer took any affirmative act, participated in another's affirmative act, or omitted to perform an act that he or she was legally required to do that allegedly *caused* a specific constitutional deprivation. The Court is not compelled to accept as true plaintiff's mere conclusory assertions that a search or seizure was "unreasonable." Rather, the Supreme Court has made clear that a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." Johnson v. City of Shelby, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam); see also Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) ("to be entitled to the presumption of truth, allegations in a complaint … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

In his "Claim 4," plaintiff alleges that District Attorney Main "took me to trial on inadmissable evidence and she manipulated facts." (ECF No. 1 at 4). Plaintiff does not allege what trial he was subjected to based on what allegedly "inadmissible" evidence or "manipulated facts." Further, a prosecutor is entitled to absolute immunity from federal civil rights suits when engaging in activities "intimately associated with the judicial phase of the criminal process." See Imbler v. Pachtman, 424 U.S. 409, 427, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." See Imbler, 424 U.S. at 427. Here, it appears that District Attorney Main is entitled to absolute immunity for engaging in prosecutorial functions during plaintiff's trial.

Moreover, plaintiff cannot challenge an allegedly unlawful conviction in a federal civil rights action. A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of … confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016) (the Supreme Court has "made clear that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983") (*en banc*), cert. denied, 196 L. Ed. 2d 542 (2017). Thus, plaintiff may not use a civil rights action to challenge the validity of any conviction that resulted from the use of allegedly "inadmissible" evidence or "manipulated facts." Such relief only is available in a habeas corpus action. Further, to the extent that plaintiff is seeking monetary damages for an allegedly unlawful conviction, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.*

1    Here, plaintiff does not allege either (1) that he was not convicted as a result of the use of
2 allegedly "inadmissible" evidence and/or "manipulated facts," or (2) that such conviction already
3 has been invalidated. Therefore, plaintiff may not seek monetary damages for any alleged civil
4 rights violation *if* that civil rights violation necessarily implicates his conviction.

5    Accordingly, it is not clear to the Court how many federal civil rights claims plaintiff is
6 purporting to raise or what the legal or factual basis may be for each federal civil rights claim. The
7 Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations
8 of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi, 839
9 F.2d at 623. Additionally, it is particularly important in a civil rights case filed by a *pro se* inmate
10 to attempt to ascertain plaintiff's claims to protect his access to the courts. See Pouncil v. Tilton,
11 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se*
12 litigants to self-representation and meaningful access to the courts"); Alvarez v. Hill, 518 F.3d
13 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was
14 required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his
15 complaint'") (alteration in original). Further, the Court may not dismiss a claim because a *pro se*
16 plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson,
17 135 S. Ct. at 346 (noting that the Fed. Rules of Civ. Proc. "do not countenance dismissal of a
18 complaint for imperfect statement of the legal theory supporting the claim asserted"). That said,
19 the Supreme Court also has made clear that the Court has "no obligation to act as counsel or
20 paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338
21 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se*
22 litigants").

23    Although plaintiff need not set forth detailed factual allegations, he must plead "factual
24 content that allows the court to draw the reasonable inference that the defendant is liable for the
25 misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). A pleading
26 that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. *Id.*
27 (alteration in original, internal quotation marks omitted). In its present format, it would be difficult
28 for each defendant to discern what specific facts or legal theories apply to which potential claims,

1 and, as a result, it would be extremely difficult to formulate applicable defenses.

2 Therefore, the Court finds that plaintiff's Complaint fails to comply with Rule 8.

************

If plaintiff desires to pursue this action, he must file a First Amended Complaint **no later than March 21, 2017**; the First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document.  Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice.**

**IT IS SO ORDERED**.

DATED: February 21, 2017

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE